**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re DaVITA INC. STOCKHOLDER DERIVATIVE LITIGATION )<br>)<br>) | |
| ) | |
| This Document Relates To: ) | Civil Action No. 1:17-cv-00152-MPT |
| ) | |
| ALL ACTIONS. ) | |
| ) | |

## [PROPOSED] ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, Lead Plaintiff having moved, pursuant to Federal Rule of Civil Procedure 23.1, for an order (i) preliminarily approving the proposed derivative settlement of the Action (the "Settlement"), in accordance with a Stipulation of Settlement, dated October 23, 2020 (the "Stipulation"), which, together with the Exhibits annexed thereto, set forth the terms and conditions for a proposed Settlement and dismissal of the Action with prejudice, upon the terms and conditions set forth therein; and (ii) approving the dissemination of the Notice of Proposed Derivative Settlement and Summary Notice of Proposed Derivative Settlement; and

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, this Court, having considered the Stipulation and the Exhibits annexed thereto and having heard the arguments of the Settling Parties at the preliminary approval hearing:

NOW THEREFORE, IT IS HEREBY ORDERED:

1. This Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement

set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Action.

2. A hearing (the "Settlement Hearing") shall be held before this Court on _____, 202__, at __:__ _.m., at 844 North King Street, Courtroom 2124, Wilmington, Delaware 19801, to determine whether the Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to DaVita, Inc. ("DaVita" or the "Company") and its stockholders and should be approved by the Court; whether the Final Approval Order and the Judgment as provided in ¶¶1.6 and 1.7 of the Stipulation should be entered herein; and whether to award attorneys' fees and expenses to Lead Plaintiff's Counsel.

3. The Court approves, as to form and content, the Notice of Proposed Derivative Settlement annexed as Exhibit A-1 hereto (the "Long-Form Notice") and the Summary Notice of Proposed Derivative Settlement annexed as Exhibit A-2 hereto (the "Summary Notice"), and finds that the publication of the Long-Form Notice, Summary Notice and Stipulation, substantially in the manner and form set forth in this Order, meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4. Not later than five (5) business days following entry of this Order, DaVita shall: (a) cause a copy of the Stipulation and the Long-Form Notice, substantially in the form annexed as Exhibit A-1 hereto, to be filed with the U.S. Securities and Exchange Commission ("SEC") via an SEC Form 8-K; (b) create a link to the Stipulation and Long-Form Notice on the Company's "Investors" page of https://investors.davita.com, the address of which shall be contained in the Long-Form Notice and Summary Notice; and

(c) cause a copy of the Summary Notice, substantially in the form annexed as Exhibit A-2 hereto, to be published for one day in *Investor's Business Daily*.

5.  Not later than ten (10) business days following entry of this Order, DaVita's counsel shall file with the Court and serve on Lead Plaintiff's Counsel proof, by affidavit or declaration, that it has complied with ¶4 above.

6.  All DaVita stockholders shall be bound by all orders, determinations, and judgments of the Court in the Action concerning the Settlement, whether favorable or unfavorable to DaVita's stockholders.

7.  Pending the Effective Date, all proceedings and discovery in the Action shall be stayed except as otherwise provided for in the Stipulation, and no party to the Action or any DaVita stockholders shall file or prosecute any action or proceeding in any court or tribunal relating to the Settlement or asserting any of the Released Claims against the Released Persons.

8.  All papers in support of the Settlement and the separately negotiated attorneys' fees and expenses shall be filed with the Court and served on or before _____, 202\_\_, and any reply briefs shall be filed with the Court on or before _____, 202\_\_.

9.  Any DaVita stockholder may appear and show cause, if he, she, or it has any reason why the terms of the Settlement of the Action should not be approved as fair, reasonable, and adequate, or why the Final Approval Order and Judgment should not be entered thereon, provided, however, that, unless otherwise ordered by the Court, no DaVita stockholder shall be heard or entitled to contest the approval of all or any of the terms and conditions of the Settlement, or, if approved, the Final Approval Order and the Judgment to be entered thereon approving the same, unless that Person has, at least fourteen (14)

calendar days before the Settlement Hearing, filed with the Clerk of the Court appropriate proof of DaVita stock ownership, along with written objections, including the basis therefore, and copies of any papers and briefs in support thereof. All written objections and supporting papers must be submitted to the Court either by mailing them to:

>Office of the Clerk
>United States District
>District of Delaware
>844 North King Street, Unit 18
>Wilmington, DE 19801-3750

OR by filing them in person at any location of the United States District Court for the District of Delaware.

10. Any DaVita stockholder who does not make an objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement as incorporated in the Stipulation and to the award of attorneys' fees and expenses to Lead Plaintiff's Counsel, unless otherwise ordered by the Court, but shall otherwise be bound by the Final Approval Order and the Judgment to be entered and the releases to be given.

11. Neither the Stipulation nor the Settlement, including the Exhibits attached thereto, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered, or used in any way as a concession, admission, or evidence of the validity of any Released Claims or any fault, wrongdoing, or liability of the Released Persons or DaVita; or (b) is or may be deemed to be or may be used as a presumption, admission, or evidence of any liability, fault, or omission of any of the Released Persons or DaVita in any civil, criminal, or administrative or other proceeding in any court, administrative

agency, tribunal, or other forum. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file or use the Stipulation, the Final Approval Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to DaVita stockholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to DaVita stockholders.

IT IS SO ORDERED.

DATED: _____          _____
                             THE HONORABLE MARY PAT THYNGE
                             CHIEF UNITED STATES MAGISTRATE JUDGE